# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> FRANK WAYNE REINKE, <br><br> Defendant. | CR 15-31-BLG-SPW <br><br> **OPINION AND ORDER** |

Defendant, Frank Wayne Reinke, moves the Court to impeach the testimony of two witnesses, Joshua Zent and Lamor Clark. (Doc. 21). The Court finds it unnecessary to address the merits of Reinke's motion because Reinke is not permitted to file this motion pro se while he is represented by counsel.

It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). "A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel," however. *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the

1

right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motion pro se, Reinke engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). This Court declines to consider Reinke's motion. *See*, e.g., *id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); *see also United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.")

Accordingly, IT IS HEREBY ORDERED that Reinke's Motion to Impeach Witnesses (Doc. 21) is DENIED in its entirety.

DATED this 15th day of June 2015.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge