IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. FRANK WAYNE REINKE, Defendant. | CR 15-31-BLG-SPW OPINION and ORDER |

Before the Court are Defendant Frank Reinke's Writ of Habeas Corpus (Doc. 23), Motion to Suppress and Dismiss (Doc. 26), and Brady Request (Doc. 26-1). Although the Court appointed counsel for him, Reinke filed these motions pro se. Reinke previously submitted a pro se Motion to Impeach Witnesses. (Doc. 21). As the Court explained in its Order denying that motion (Doc. 22), "It is settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir.1978) (citations omitted). "A criminal defendant does not have an absolute right to both self-representation *and* the assistance of counsel," however. *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (emphasis in original). In other words, "the right to counsel and the right to proceed pro se exist in the alternative." *United States v. LaChance*, 817 F.2d 1491,

1

1498 (11th Cir.1987); *see also Locks v. Sumner*, 703 F.2d 403, 407-08 (9th Cir.1983). Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Bergman*, 813 F.3d at 1030.

By filing his motion pro se, Reinke engages in hybrid representation without first seeking the Court's permission. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001). This Court declines to consider Reinke's motions. *See*, e.g., *id.* at 685 (noting that the district court did not err when it denied a represented defendant's pro se motion without considering its contents); see also *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir.1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider [the defendant's] unsigned, pro se motions.").

Accordingly, IT IS HEREBY ORDERED that Reinke's Writ of Habeas Corpus (Doc. 23), Motion to Suppress and Dismiss (Doc. 26), and Brady Request (Doc. 26-1) are DENIED. This Court will not consider any motions filed by Reinke while he is represented by counsel.

DATED this 30th day of June, 2015.

　　　　　　　　　　　　　　　*Susan P. Watters*
　　　　　　　　　　　　　　　SUSAN P. WATTERS
　　　　　　　　　　　　　　　United States District Judge

3